UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCHWARTZ LABORATORIES, LLC
6905 Plainfield Road
Cincinnati, OH 45236,

    Plaintiffs,

v.

ISLAND OASIS FROZEN COCKTAIL CO. INC.
141 Norfolk Street
P.O. Box 769, Walpole, MA 02081

    -and-

ISLAND OASIS MANUFACTURING LLC
141 Norfolk Street
P.O. Box 769
Walpole, MA 02081,

    Defendants.

Civil Action No. 1:12-cv-154
Spiegel

COMPLAINT
JURY DEMANDED

Plaintiff Schwartz Laboratories, LLC ("Schwartz" or "Plaintiff"), by their attorneys, as for their Complaint against Defendants Island Oasis Frozen Cocktail Co. Inc. and Island Oasis Manufacturing LLC (collectively "Island Oasis" or "Defendants"), allege as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## PARTIES

1. Plaintiff, Schwartz Laboratories, LLC is an Ohio limited liability corporation with a principal place of business at 6905 Plainfield Road, Cincinnati, OH 45236.

2. On information and belief, Defendant, Island Oasis Frozen Cocktail Co. Inc. is a Massachusetts corporation with a principal place of business at 141 Norfolk Street, P.O. Box 769, Walpole, MA 02081.

3. On information and belief, Defendant, Island Oasis Manufacturing LLC is a Massachusetts limited liability corporation with a principal place of business at 141 Norfolk Street, P.O. Box 769, Walpole, MA 02081.

## JURISDICTION AND VENUE

4. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related state statutes and the common law. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, as well as 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants pursuant to Ohio Rev. Code § 2307.382(A)(4) because Defendants regularly do or solicit business in the state of Ohio and in this District.

6. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391.

## FACTS

### SCHWARTZ'S INTELLECTUAL PROPERTY RIGHTS

7. Plaintiff, Schwartz, has been a supplier of fitness and bodybuilding supplements since 1993. Today, Schwartz has grown into a full service manufacturing and service provider specializing in everything from nutrition and health products to muscle-building and weight-loss powders.

8. Since 2005, Nuco USA, LLC ("Nuco") had operated the Power Blendz business which, *inter alia*, consisted of premium smoothie franchises throughout the United States focusing on the fitness industry. In addition to premium smoothie franchises, Nuco manufactured and sold nutrition and health products, such as muscle-building powders, vitamins and nutritional supplements.

9. As an integral part of the Power Blendz business, Nuco advertised and promoted their products and services under the THE FITNESS FUEL mark. On September 11, 2007, Nuco obtained U.S. Registration No 3,289,760 for the THE FITNESS FUEL mark in connection with restaurant services in International Class 43.

10. In November, 2005, Nuco and Schwartz designed the menu board for smoothie additives used as part of the Power Blendz business (the "2005 menu board"). At that time, Nuco and Schwartz were joint owners of the copyright in the 2005 menu board. A copy of the 2005 menu board is attached as Exhibit A.

11. The 2005 menu board is an original work of authorship that is protected under United States copyright law. 17 U.S.C. § 102.

12. From 2005 to 2011, Schwartz invested enormous sums of money in the Power Blendz business, including the THE FITNESS FUEL program.

13. In May 2011, Schwartz acquired the Power Blendz business from Nuco. As part of this acquisition, Schwartz has acquired sole ownership of the copyright in the 2005 menu board as well as numerous trademarks, including the THE FITNESS FUEL mark, and the X-FACTOR, CAFFEINE 101, and GINSENG PRO marks (collectively the "POWER BLENDZ Marks").

14. In 2010, in conjunction with its planned acquisition of the Power Blendz business from Nuco, Schwartz redesigned the 2005 menu board with more menu options and an updated style (the "2010 menu board"). A copy of the 2010 menu board is attached as Exhibit B.

15. The 2010 menu board is a derivative work of the 2005 menu board that is protected under United States copyright law. 17 U.S.C. §§ 102-03.

16. Schwartz is the sole owner of the copyright in the 2005 menu board and the 2010 menu board (collectively the "Copyrighted Works").

17. On or about February 9, 2012, Schwartz applied to register the copyright in the Copyrighted Works with the United States Copyright Office.

18. Schwartz and its predecessor in interest have continuously used, promoted and advertised the Power Blendz business and POWER BLENDZ Marks in interstate commerce since about November 2005. This use includes substantial marketing expenditures, a website located at <www.powerblendz.com> and accessible to customers throughout the United States, as well as an estimated 300 licensed Power Blendz brand premium smoothie bars, nationwide.

19. As a result of the substantial amounts of time, money and energy that have been expended in growing the Power Blendz business, the general public has come to exclusively associate the POWER BLENDZ Marks with Schwartz and its predecessor in interest, and their products.

20. Schwartz's POWER BLENDZ Marks are inherently distinctive as applied to Schwartz's goods that bear those marks.

## DEFENDANTS' UNAUTHORIZED ASSOCIATION WITH THE POWER BLENDZ BUSINESS

21. For a few years, until 2010, Island Oasis was involved in the Power Blendz business with Nuco.

22. Island Oasis has had no involvement in the Power Blendz business, and has not been permitted to use the POWER BLENDZ Marks, since 2010.

4

23. Nonetheless, Defendants maintain several web pages and PDF documents accessible to internet users throughout the United States, which overtly claim they are operating the Power Blendz business in conjunction with Nuco.

24. Defendants' "News and Events" page contains the following false and misleading representation of fact:

> Island Oasis and NUCO USA. have pooled their resources to develop Powerblendz, a fully integrated juice bar program targeting the health club business.

*Island Oasis – News & Events*, http://www.islandoasis.com/io_main.aspx?pg=news (accessed Jan. 12, 2012), attached hereto as Ex. A.

25. A document hosted on Defendants' website and entitled "Press Kit" contains a section labeled "Island Oasis – Power Blendz" and makes numerous false representations about its alleged affiliation with the Power Blendz business. In particular, the document makes the following false and misleading representation of fact:

> Additionally, Island Oasis, in partnership with NUCO (a leading producer of supplements), offers the Power Blendz™ product line – all-natural products with pharmaceutical grade nutritional supplements, vitamins and protein powders, designed for the health and fitness industry.

*Island Oasis Press Kit*, http://www.islandoasis.com/images/PDF/Island_Oasis_Press_Kit.pdf (accessed Jan. 12, 2012), attached hereto as Ex. B;

26. A document hosted on Defendants' website and entitled "Flavor of the Month" makes the following false and misleading representation of fact:

5

> Island Oasis' Flavor-of-the-Month program was developed to promote product versatility across all three of the company's product lines: frozen drinks, smoothies, and Power Blendz –an all-natural product with pharmaceutical grade nutritional supplements, vitamins and protein powders targeted to the health and fitness industry.

*Island Oasis Launches Fun (and Tasty) "Flavor-of-the-Month" Program*, www.islandoasis.com/images/PDF/Flavor_of_the_Month.pdf (accessed Jan. 12, 2012), attached hereto as Ex. C.

27. The aforementioned false and misleading statements of fact are likely to lead the consuming public to conclude, incorrectly, that the Power Blendz products originate with, are affiliated with, or are approved by Defendants.

## DEFENDANTS' UNLAWFUL ACTS UNDER THE FUEL BRAND

28. In or about November 2010, Defendants began licensing and operating a chain of premium smoothie franchises, focusing on the fitness industry, in connection with their FUEL brand. FUEL brand premium smoothie bars operate in direct competition with Power Blendz brand premium smoothie bars.

29. The menu boards and marketing materials used to promote the FUEL brand closely resemble those used in the Power Blendz program, advertising many of the same menu items for additives (the "FUEL brand menu board"). In particular, FUEL brand menu boards contain items named X-FACTOR, CAFFEINE 101, and GINSENG PRO, which are identical to Schwartz's POWER BLENDZ Marks, and contain virtually identical wording with respect to these products. A copy of the FUEL brand menu board is attached as Exhibit C.

30. Prior to the creation of the FUEL brand menu board, Defendants had access to the Copyrighted Works.

6

31. The FUEL brand menu board is substantially similar to both of the Copyrighted Works.

32. On information and belief, Defendants willfully and deliberately copied copyrightable elements of both of the Copyrighted Works.

33. Without Schwartz's consent, Defendants have used the POWER BLENDZ Marks in connection with the sale, offering for sale, distribution or advertising of their directly competing goods.

34. On information and belief, Defendants have used the POWER BLENDZ Marks with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on the reputation and good will of the POWER BLENDZ Marks.

35. Starting at least as early as the spring of 2011, Defendants began a campaign of false and deceptive marketing to falsely communicate to customers and franchisees that the FUEL program was identical to or the same as the Power Blendz program, including the THE FITNESS FUEL program provided by plaintiff, that the Power Blendz program and the THE FITNESS FUEL program were no longer operating or had been replaced by the FUEL program, as well as other comments unfairly disparaging the Power Blendz brand.

36. Distributors and consumers are likely to rely on Defendants' false, misleading and disparaging statements, thereby taking business away from Schwartz and causing damage to Schwartz.

37. Defendants' campaign of false and deceptive marketing has irreparably harmed Schwartz's reputation, caused lost sales for Schwartz, and caused Schwartz to incur unnecessary costs to compete with Defendants' falsely advertized products.

7

38.     On information and belief, Defendants have engaged in the aforementioned activity with full knowledge of Schwartz's ownership of the Power Blendz business and their rights in the Power Blendz Marks.

## **CLAIMS FOR RELIEF**

### CLAIM I
### FALSE ADVERTISING (FEDERAL)

39.     Schwartz repeats and realleges the allegations of all the preceding paragraphs.

40.     Defendants' unlawful and improper actions constitute use in commercial advertising or promotion of false and/or misleading representations and descriptions of fact in violation of 15 U.S.C. § 1125(a).

41.     These explicitly false and/or misleading statements of fact did and continue to actually deceive or tend to deceive a substantial number of customers, distributors and consumers, and were material to said customers', distributors' and consumers' purchasing decisions.

42.     On information and belief, Defendants' acts of false advertising described herein were intended to cause, and did in fact cause, deception to the public, misleading prospective purchasers as to the true characteristics and qualities of defendants' and/or Schwartz's products.

43.     Defendants' acts of false advertising have caused Schwartz to sustain monetary damage, loss and injury, in an amount to be determined at trial.

44.     Defendants have engaged and continue to engage in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

45. Defendants' acts of false advertising unless enjoined by this court, will continue to cause Schwartz to sustain irreparable damage, loss and injury, for which Schwartz has no adequate remedy at law.

46. Defendants acts of false advertising represent an exceptional case, so as to justify the award of reasonable attorneys' under 15 U.S.C. § 1117.

## CLAIM II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)

47. Schwartz repeats and realleges the allegations of all the preceding paragraphs.

48. Defendants' unlawful and improper use in commerce of the POWER BLENDZ Marks, and use of virtually identical wording with respect to these products, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants' services with Schwartz's own services under the identical marks.

49. Accordingly, Defendants' activities constitute an infringement of Schwartz's rights in the POWER BLENDZ Marks and unfair competition in violation of 15 U.S.C. § 1125(a).

50. Defendants' acts of infringement and unfair competition have caused Schwartz to sustain monetary damage, loss and injury, in an amount to be determined at trial.

51. Defendants have engaged and continue to engage in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

52. Defendants' acts of infringement and unfair competition, unless enjoined by this court, will continue to cause Schwartz to sustain irreparable damage, loss and injury, for which Schwartz has no adequate remedy at law.

53. Defendants' acts of infringement and unfair competition represent an exceptional case, so as to justify the award of reasonable attorneys' under 15 U.S.C. § 1117.

## CLAIM III
## TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES (STATE)

54. Schwartz repeats and realleges the allegations of all the preceding paragraphs.

55. Defendants' unlawful and improper actions in the course of their business: (1) constitutes passing off Defendants' goods or services as those of Schwartz; (2) causes a likelihood of confusion or misunderstanding as to the source, sponsorship approval or certification of the Defendants' and Schwartz's goods or services; (3) causes a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by Schwartz; (4) represents that Defendants' goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have, or that Defendants have a sponsorship, approval, status, affiliation, or connection that they do not have; (5) disparages the goods, services, or business of Schwartz by false representation of fact; and (6) makes false statements of fact concerning the reasons for, existence of, or amounts of price reductions.

56. Defendants' actions constitute trademark infringement and deceptive trade practices in violation of Ohio Rev. Code 4165.02.

57. Defendants' acts of infringement have caused Schwartz to sustain monetary damage, loss and injury, in an amount to be determined at trial.

58. Defendants' acts of infringement, unless enjoined by this Court, will cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

59. Defendants' engaged in the aforementioned infringing and deceptive acts willfully and knowing them to be deceptive, so as to justify an award of attorneys' fees under Ohio Rev. Code § 4165.03(B).

## CLAIM IV
## TRADEMARK, SERVICE MARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION AND MISAPPROPRIATION (COMMON LAW)

60. Schwartz repeats and realleges the allegations of all the preceding paragraphs.

61. Defendants' activities complained of herein constitute forms of unfair competition under Ohio common law.

62. Defendants' aforesaid violations of Ohio common law have caused Schwartz to sustain monetary damage, loss and injury, in an amount to be determined at trial.

63. Defendants' fraudulently engaged, and continue to engage, in this activity willfully and wantonly with morally culpable behavior, so as to justify the assessment of punitive damages against it, in an amount to be determined at trial.

64. Defendants' aforesaid violations of Ohio common law, unless enjoined by this Court, will continue to cause Schwartz to sustain irreparable damage, loss and injury, for which Schwartz will have no adequate remedy at law.

## CLAIM V
## COPYRIGHT INFRINGEMENT

65. Schwartz repeats and realleges the allegations of all the preceding paragraphs.

66. Defendants' activities complained of herein constitute copyright infringement in violation of the exclusive rights of Schwartz under 17 U.S.C. §101 *et seq.*

67. Defendants had access to Schwartz's Copyrighted Works and knowingly and willfully copied the Copyrighted Works without the permission, license or consent of Plaintiffs.

68. Defendants' acts of copyright infringement have caused Plaintiff to sustain monetary damage, loss and injury, in amounts to be determined at trial.

69. Defendants' acts of copyright infringement will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Schwartz Laboratories, LLC, respectfully prays for judgment as follows:

A. For a preliminary and permanent injunction against Defendants and each of their affiliates, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise:

    i. Restraining and enjoining Defendants from using the POWER BLENDZ Marks (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar versions of Plaintiff's POWER BLENDZ Marks, as a trade name, trademark, service mark, brand name, business or commercial designation;

    ii. Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or phrase in the United States, which suggests or tends to suggest in any way that Defendants and/or their activities or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by

Plaintiffs, or that Plaintiffs or their services or activities are affiliated in any way with Defendants;

 iii. Restraining and enjoining defendants from using in connection with any goods or services, any false or descriptive designation, description or representation, whether by words or symbols, in the United States, which suggest any relationship with Plaintiffs, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

 iv. Restraining and enjoining Defendants from engaging in any acts of common law trademark infringement, unfair competition or misappropriation in the United States, which would damage or injure Plaintiffs;

 v. Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting, or contributing to any third-party usage in the United States of the POWER BLENDZ Marks in connection with Defendants' business; and

 vi. Restraining and enjoining Defendants from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling any materials that are substantially similar to the Copyrighted Works.

B. That in accordance with 15 U.S.C. § 1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationary, advertisements, contracts, billboards, banners, posters, documents and the like in the possession or under the control of Defendants and their affiliates, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

C.    That in accordance with 17 U.S.C. § 503, all copies which have been made or used in violation of Schwartz's exclusive copyrights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or may be reproduced, be delivered up and destroyed as the Court shall direct.

D.    That in accordance with 15 U.S.C. § 1116, Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after service on Defendants of such Order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

E.    For an award of Defendants' profits under 15 U.S.C. § 1117(a)(1) and 17 U.S.C. § 504(b).

F.    For an award of actual monetary damage, in an amount to be proven at the time of trial.

G.    For an award of treble damages under 15 U.S.C. § 1117(a)(3).

H.    For an award of exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

I.    For an award of statutory damages under 17 U.S.C. §504(c).

J.    For an award of attorneys' fees and disbursements incurred by Schwartz in this action under 15 U.S.C. § 1117(a)(3), 17 U.S.C. § 505 or under Ohio Rev. Code § 4165.03(B).

K.    For an award of costs of this action, under 15 U.S.C. § 1117(a)(3) and 17 U.S.C. § 505.

L.  That Schwartz be awarded such other and further relief as the Court may deem equitable and proper.

WHEREFORE, Plaintiff Schwartz Laboratories, LLC, prays that this Court grant the relief it seeks, as well as all other relief which this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: February 21, 2012

DINSMORE & SHOHL LLP
*Attorneys for Plaintiff*
Schwartz Laboratories, LLC

By: *Lynda E. Roesch by Kathryn K. Przywara*
Lynda E. Roesch, Trial Attorney (0013301) *per authorization*
lynda.roesch@dinsmore.com
Kathryn K. Przywara (0043730)
kathy.przywara@dinsmore.com
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
tel: (513) 977-8139
fax: (513) 977-8141

Of Counsel:

Howard J. Shire
Eric Carnevale
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004
tel: (212) 425-7200
fax: (212) 425-5288

2088984v1

15